# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS


CAMERON B. GOODRICH,

                    Petitioner,    :     Case No. 2:25-cv-01204

    - vs -                           District Judge Edmund A. Sargus, Jr.
                                    Magistrate Judge Michael R. Merz

WARDEN,
 CORRECTIONAL RECEPTION
 CENTER,

                                  :
            Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case was brought *pro se* by Petitioner Cameron Goodrich to obtain relief from his conviction in the Franklin County Court of Common Pleas. It is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), and Petitioner's Traverse (ECF No. 13).


**Litigation History**


On June 13, 2019, the Franklin County Grand Jury returned an indictment charging Goodrich with one count of aggravated murder, in violation of Ohio Revised Code §2903.01, and two counts of murder, in violation of Ohio Revised Code § 2903.02. (State Court Record, ECF 6, Ex. 1). On February 19, 2020, Petitioner entered into a plea agreement in which he agreed to enter

1

a plea of guilty to a stipulated lesser offenses of one count of voluntary manslaughter, in violation of Ohio Revised Code § 2903.06, and one count of felonious assault, in violation of Ohio Revised Code § 2903.11.  The trial court accepted the plea and imposed the jointly recommended aggregate sentence of fifteen to twenty years of imprisonment (Entry, State Court Record, ECF No. 6, Ex. 4).  Petitioner did not appeal.

On June 16, 2023, Petitioner filed a combined motion for post-conviction relief and to modify the judgment under Ohio Revised Code § 2953.31 and Ohio R. Crim. P. 32.1 (State Court Record, ECF No. 6, Exs. 6 & 7).  The trial court denied the motions and Petitioner appealed. *Id.* at Ex. 10.  The Tenth District Court of Appeals denied relief and reconsideration. *Id.* at Exs. 13 and 16.  The Ohio Supreme Court denied Petitioner's request for a delayed appeal.  He then filed his Petition here, pleading the following grounds for relief:

> **Ground One:** Trial court erred in imposing separate sentences for voluntary manslaughter and felonious assault.
>
> **Supporting Facts:** Trial counsel failed to inform that imposition of individual sentence was possible.
>
> **Ground Two:** That his guilty pleas were not knowing, intelligent and voluntary.
>
> **Supporting Facts:** Trial counsel failed to inform that imposition of individual sentence was possible.
>
> **Ground Three:** That his trial counsel deprived him of the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution.
>
> **Supporting Facts:** That trial counsel failed to inform that imposition of individual sentence was possible.

(Petition, ECF 1, PageID 5-8).

2

# Analysis

**Statute of Limitations**

Respondent asserts merit consideration is barred by the statute of limitations.  While Petitioner includes in his Traverse a section on the statute of limitations, it contains no analysis but merely the conclusory statement that the Petition is timely.

A statute of limitations applicable to habeas corpus petitions was first enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  As codified at 28 U.S.C. § 2244(d) it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

All of the facts on which the Petition depends were known to Petitioner at the time he was sentenced, so they could have been raised on direct appeal. To the extent they depended on communications between him and his attorney that were not on the record, they could have been raised in a timely petition for post-conviction relief under Ohio Revised Code § 2953.21. Petitioner filed neither, so he is not entitled to a later start on the statute or a tolling from a timely-filed post-conviction petition.

Petitioner's conviction became final April 12, 2020, the last day on which he could have taken a timely direct appeal. Without any tolling, it expired one year later on April 13, 2021. The Petition here was not filed until October 9, 2025, the date it was mailed, more than four years after expiration of the statute of limitations. The Petition should therefore be dismissed with prejudice as barred by the statute of limitations.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 8, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.